IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

Case No. 7:16-cv-00029

KENNETH BRYSON,

    Plaintiff,

vs.

JOS A. BANKS CLOTHIERS,
a Delaware for Profit Corporation, and
PLAZA OAKS BPRE INVESTORS, LLC,
an Arizona Limited Liability Company,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO OPPOSED MOTION FOR LIMITED CONSOLIDATION AND STAY OF PROCEEDINGS**

The Plaintiff, Kenneth Bryson, through the undersigned attorney hereby files Plaintiff's Response in Opposition to Opposed Motion for Limited Consolidation and Stay of Proceedings [DE 15] filed by Defendant Plaza Oaks BPRE Investors, LLC (hereinafter, "Defendant") and in support thereof states as follows:

**Introduction and Background**

The within action was commenced on January 29, 2016 for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C., Section 1281 et seq. ("ADA") and 28 CFR, Part 36 (ADAAG) and the Texas Human Resources Code due to Defendants' numerous discriminatory architectural barriers in blatant violation of the ADA.

On August 29, 2016, Defendant filed an Opposed Motion for Limited Consolidation and Stay of Proceedings (hereinafter, "Motion to Consolidate") [DE 15]. The Motion to Consolidate

1

seeks to stay and consolidate a plethora of completely unrelated cases[1] based on one erroneous and legally meritless argument that the Plaintiffs in such actions may possibly lack standing.

For the following reasons, more fully set forth in the Memorandum of Law below, a consolidation and stay of proceedings is improper and impermissible:

1) Plaintiffs, James W. Close and Kenneth Bryson do not lack standing, as testers have standing and there is no bona fide patron requirement under the ADA. The motive and intent for the Plaintiffs' visit is immaterial and an expert's possible involvement does not in any way negate Plaintiff's standing, the fact that they were discriminated against in violation of the ADA, or that they intend to return, which is all properly and clearly stated in the complaints.

2) A stay is improper pending determination of standing. Defendant can challenge Plaintiffs' standing in a motion to dismiss, in a motion for summary judgment or at trial. Defendant has not put forth any authority for a stay pending a determination of standing. Furthermore, Defendant is not likely to succeed on the merits as Plaintiffs have standing under the prevailing law; Defendant will not be irreparably injured absent a stay; a stay will substantially injure Plaintiffs who have an understandable desire to swiftly resolve the claims in order to remove discriminatory barriers; and the public interest lies with Plaintiffs and the swift resolution of the actions to eradicate discrimination and ensure the compliance of all public accommodations with the federal law.

3) Consolidation- even for the limited purpose of determining standing- is inappropriate as a) the actions do not share the same questions of fact or law as the actions involve three different court divisions, two different plaintiffs, thirty one different public accommodations in 31 different locations, with different violations, violating different provisions of the ADA

---

[1] Attached hereto as Exhibit "A" is a table of the cases which still remain open from the list of cases appended as Exhibit 2 to Defendant's Motion to Consolidate.

(architectural barriers, non-accessible ATMs and websites), and different legal defenses; b) the actions do not involve the same parties. Besides for the two different plaintiffs, the actions involve two different plaintiff's counsel, at least seventeen different defense counsel, and completely different defendants in each action; c) the actions are in varying stages of litigation as some actions have not even had defendants appear yet, some actions are in the process of discovery, some actions have already passed their discovery and dispositive motion deadlines, some actions have pending motions to dismiss or motions for summary judgment, and some have already been settled[2]; and d) the ADA has a fee shifting provision which would make it unruly and inequitable for the actions to be consolidated.

## Memorandum of Law

**I. Plaintiffs have Standing**

Plaintiffs James W. Close and Kenneth Bryson have standing to bring the actions as motive is irrelevant and there is no bona fide patron requirement under the ADA. "Testers are qualified individuals with disabilities who visit places of public accommodation to determine their compliance with Title III" of the ADA. Kelly Johnson, *Testers Standing Up for Title III of the ADA,* 59 Case W. Res. L.Rev. 683, 685 (2009). Tester standing is imperative to ensure that the rights guaranteed by the ADA do not become meaningless abstractions. Many people are reluctant to bring lawsuits against businesses for violations of the ADA or are unaware of what constitutes a violation under a very cumbersome and technically detailed statute. Other victims of ADA violations may not have the incentive or the resources to bring ADA lawsuits. Thus testers, as private attorneys general, serve a vital role in redressing the injuries suffered due to violations of Title III of the ADA. Overall, denying injunctive relief to individuals who prove

---

[2] As an aside, Plaintiff alleges that an enforceable settlement has been reached in the instant action and Defendant is using Mr. Atchinson's email in an attempt to renege on such settlement. A motion to enforce settlement shall be filed forthwith.

they were victims of discrimination, even as testers, weakens and undercuts congressional intent to deter and remedy discrimination through utilization of private individuals to enforce the statute.

"[A] disabled tester who experiences the discrimination prohibited by the ADA has standing to seek relief." *Betancourt v. Federated Dept Stores,* 732 F.Supp.2d 693, 710 (W.D. Tex. 2010). "[T]he fact that a disabled plaintiff in a Title III case is a tester does not change the analysis or outcome." *Id*[3]. In *Houston v. Marod Supermarkets,* 733 F.3d 1323 (11th Cir. 2013) the Eleventh Circuit addressed the issue of motive in detail and explained,

> This legal right created by §§ 12182(a) and 12182(b)(2)(A)(iv) *does not* depend on the motive behind Plaintiff Houston's attempt to enjoy the facilities of the Presidente Supermarket. The text of §§ 12182(a) and 12182(b)(2)(A)(iv) provides no basis for the suggestion that Plaintiff Houston's motive is relevant to this legal right. The substantive right conferred by the statute is to be free from disability discrimination in the enjoyment of the facility, regardless of Houston's motive for visiting the facility. Houston suffered an injury when he allegedly encountered architectural barriers at the Presidente Supermarket—notwithstanding that he did so while testing for ADA compliance. Thus, the tester motive behind Houston's past and future visits to the Presidente Supermarket does not preclude his having standing to sue for invasions of his legal rights under §§ 12182(a) and 12182(b)(2)(A)(iv). *See Havens Realty,* 455 U.S. at 373–75, 102 S.Ct. at 1121; *Watts,* 758 F.2d at 1485; *Tandy,* 380 F.3d at 1287.
> Second, the relevant operative phrases here are (1) "*[n]o individual* shall be discriminated against on the basis of disability," 42 U.S.C. § 12182(a) (emphasis added); and (2) "*any person* who is being subjected to discrimination on the basis of disability" may bring suit. *Id.* § 12188(a)(1) (emphasis added). Nothing in that statutory language precludes standing for tester plaintiffs; if anything, "no individual" and "any person" are broad terms that necessarily encompass testers…
> Third, Congress has in other anti-discrimination statutes required that a plaintiff have "bona fide"—as opposed to tester—status… And, Congress imposed no

---

[3] *See Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (holding that a tester who suffered injury in the form the statute was intended to guard against had standing and "[t]hat the tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home, does not negate the simple fact of injury within the meaning of [the statute]."); *Gilkerson v. Chasewood Bank,* 1 F.Supp.3d 570 (S.D. Tex. 2014) (holding that Plaintiff has established standing in a Title III ADA action even though Plaintiff is a tester); *Mayes v. PTP Investments,* 2014 WL 2155209 (E.D. La. 2014) (ADA Title III Plaintiff proceeding as tester to monitor ADA compliance still may satisfy standing requirement); *Tandy v. City of Wichita,* 380 F.3d 1277 (10th Cir. 2004) (testers have standing to sue under Title II of the ADA).

"bona fide" requirement in the statutory provisions at issue here, namely 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 12188(a)(1) of the ADA's Title III. Importantly, Congress has limited other provisions of the ADA's Title III to protect only "clients or customers of the covered public accommodation." *See* 42 U.S.C. §12182(b)(1)(A)(iv). Congress expressly imposed the "client or customer" limitation for three specific prohibited activities: (i) denial of participation, (ii) participation in unequal benefit, and (iii) separate benefit. *Id.* § 12182(b)(1)(A)(i-iii).

But Congress made clear that the "client and customer" limitation applies only to these three prohibited activities. *See* 42 U.S.C. § 12182(b)(1)(A)(iv). Congress imposed no such limitation in the provisions of Title III upon which Plaintiff Houston relies, which are §§ 12182(a), 12182(b)(2)(A)(iv), and 12188(a)(1). *See Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 121–22 (3d Cir.1998) (holding that "both the language of Title III and its legislative history clearly demonstrate [that] the phrase 'clients or customers,' which only appears in 42 U.S.C. § 12182(b)(1)(A)(iv), is not a general circumscription of Title III and cannot serve to limit the broad rule announced in 42 U.S.C. § 12182(a)," and noting that the "[t]he operative rule announced in Title III speaks not in terms of 'guests,' 'patrons,' 'clients,' 'customers,' or 'members of the public' but, instead, broadly uses the word 'individuals.' "); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 733 (9th Cir.2007) (holding that the "client or customer" limitation of § 12182(b)(1)(A)(iv) does not apply to § 12182(a) or to § 12182(b)(2)(A)(iv)); *see also PGA Tour, Inc. v. Martin,* 532 U.S. 661, 679, 121 S.Ct. 1879, 1891, 149 L.Ed.2d 904 (2001) (noting that § 12182(b)(1)(A)(iv) "is not literally applicable to Title III's general rule prohibiting discrimination against disabled individuals" and holding that "Title III's broad general rule contains no express 'clients or customers' limitation, § 12182(a), and § 12182(b)(1)(A)(iv) provides that its limitation is only '[f]or purposes of' the clauses in that separate subparagraph.").

These examples illustrate that Congress has said so expressly when it wants to limit the class of people protected by anti-discrimination statutes to only clients or customers or to people of bona fide status. But Congress expressed no such limitation in the parts of Title III that are relevant to Plaintiff Houston's lawsuit…

By the same token, we conclude that **"bona fide patron" status is a not a prerequisite** for Houston to obtain standing for a lawsuit under these statutory provisions. Stated differently, the alleged violations of Houston's statutory rights under Title III may constitute an injury-in-fact, even though he is a mere tester of ADA compliance.

[emphasis added]

Furthermore, Mr. Atchinson's email attached to Defendant's Motion to Consolidate has no bearing on the Plaintiff's standing. Mr. Atchinson is not an attorney, does not purport to be an attorney, and is free to aid disabled individuals and solicit business as an ADA expert anyway he

pleases. If Mr. Atchinson aids disabled individuals eradicate discrimination in violation of federal law then he should be applauded. Mr. Atchinson's assistance in no way negates the injury-in-fact suffered by the Plaintiffs, their intent to return (especially to monitor compliance) and their standing to bring lawsuits against public accommodations violating the ADA. In fact, the language of the ADA clearly intends to protect individuals attempting to assist such disabled individuals. The ADA states,

> (a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, **assisted, or participated in any manner in an investigation, proceeding**, or hearing under the Act or this part.
> (b) No **private or public entity** shall coerce, intimidate, threaten, or **interfere with any individual** in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her **having aided or encouraged any other individual in the exercise or enjoyment of**, any right granted or protected by the Act or this part.
> (c) Illustrations of conduct prohibited by this section include, but are not limited to:
> (1) Coercing an individual to deny or limit the benefits, services, or advantages to which he or she is entitled under the Act or this part;
> (2) Threatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;
> (3) Intimidating or threatening any person because that person **is assisting or encouraging an individual or group entitled to claim the rights granted or protected by the Act or this part to exercise those rights**; or
> (4) Retaliating against any person because that person has **participated in any investigation or action** to enforce the Act or this part.

[emphasis added] 36 C.F.R 36.206. Defendant's Motion to Consolidate, its implications and the requested relief are in direct contravention to the specific statutory language. Plaintiff, Mr. Atchinson, and the undersigned counsel are not the ones violating the federal law nor should they be treated as if they are the ones defending themselves or their actions.

## II. The Actions Should Not Be Stayed Pending Determination of Standing

A stay is improper pending determination of standing. Defendant may challenge Plaintiffs' standing in a motion to dismiss, in a motion for summary judgment or at trial.

Defendant has not put forth any authority allowing for a stay- even for one action, much less multiple actions- pending a determination of standing.

A district court certainly possesses the authority to regulate its flow of cases, *Landis v. North Am. Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66, 81 L.Ed. 153 (1936), but this authority, though largely unreviewable, must not be abused, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1984). Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly. *Nederlandse Erts-Tankersmaatschappij NV v. Isbrandtsen Co,* 339 F.2d 440, 442 (2nd Cir. 1964). Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation. *Coastal Bermuda Ltd. v E.W Saybolt & Co.,* 761 F.2d 198 (5th Cir. 1985). The suppliant for a stay must make out a **clear case of hardship or inequity** in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in **rare circumstances** will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. *Nederlandse,* 339 at 442.

Defendant cannot establish a clear case of hardship or inequity in being required to go forward. Defendant can file a motion to dismiss. Defendant can conduct discovery in the instant action. Defendant will not suffer any hardship or inequity by being required to go forward. Additionally, Defendant is not likely to succeed on the merits as Plaintiffs have standing under the prevailing law; Defendant will not be irreparably injured absent a stay although a stay will substantially injure Plaintiffs who understandably have an interest in a swift resolution of their claims and removal of discriminatory barriers; and the public interest lies with Plaintiffs and the

swift progression of the actions in order to combat discrimination and ensure the compliance of all public accommodations with the federal law.

### III. Consolidation is Inappropriate

Consolidation- even for the limited purpose of discovery regarding standing- is inappropriate as the actions do not share the same questions of fact or law. The actions involve three different court divisions, two different plaintiffs, thirty one different public accommodations in 31 different locations, with wholly different violations, violating different provisions of the ADA (architectural barriers, non-accessible ATMs and websites), and different legal defenses.

Even a common question of law (which does not exist in the instant actions) does not automatically permit or justify consolidation. "The fact that a common question of law exists does not, however, justify consolidation in the absence of other facts which would promote trial convenience and economy in administration. *Lyons v. Andersen*, 123 F. Supp. 2d 485, 487 (N.D. Iowa 2000). **The party seeking consolidation has the burden of establishing that consolidation is appropriate**. See *Fleishman v. Prudential- Bache Securities*, 103 F.R.D. 622 (E.D. Wis. 1984) citing *Schissel v. Wells*, 2007 U.S. Dist. LEXIS 85470, 69 Fed. R. Serv. 3d (Callaghan) 825 (E.D. Wis. 2007). In the instant action, Defendant cannot meet its burden of establishing that consolidation is appropriate as consolidation would not promote trial convenience and economy in administration. Consolidation is not only inappropriate but would be extremely prejudicial and increase the cost and expense to Plaintiff and the defendants in the other actions.

The mere fact that two cases are based on similar theories of recovery does not constitute common question of law so as to warrant consolidation of cases. *Flintkote Co. v. Allis-Chalmers*

*Corp.*, 73 F.R.D. 463 (S.D.N.Y.1977) In the instant matter, although the cases address violations of the ADA, the actions include different plaintiffs, who visited different subject facilities, located on different properties, with different violations of the ADA. Even a cursory glance at the violations enumerated in the Complaints reveals that different violations exist.[4] Even similar violations involve the lack of compliance at completely different locations under the control of different entities. Thus, the Complaints in the actions **do not** allege the same facts. It would be extremely prejudicial to the defendants to be forced to partake in the defense of violations exiting at facilities over which they have no control or responsibility.

The Court will not obtain judicial economy by consolidating the cases. Defendant's claim that consolidation is desirable for justice and judicial economy to conduct limited discovery on standing is erroneous and merely conclusory in nature. Discovery regarding standing will involve completely separate and distinct factual questioning for each separate action. Each action has a wholly distinct set of facts regarding when Plaintiff visited that property, what barriers Plaintiff personally encountered, how the discriminatory barriers caused an injury, when Plaintiff intend to return, how far the property is from Plaintiff's residence, how often Plaintiff travels in the area where the property is located, Plaintiff's past patronage of the property, and so on. Such a fact intensive inquiry is completely different for each action and is better left to be conducted by the counsel in each action who is familiar with the facts and circumstances of the action, as well as familiar with his/her clients' specific factual circumstances. Discovery (even on the limited issue of standing) in all the actions is completely different. The undersigned counsel has encountered the issue of consolidation before, except there was a commonality between the

---

[4] Not all of the actions even involve discriminatory architectural barriers as some of the actions were brought due to non-accessible ATMs, and non-accessible websites. These actions involve completely different technical standards and provisions of the ADA regarding communication barriers, auxiliary aids and services and/or modification of policy.

9

defendants, in *Barberi v. Francofe, Inc.,* Case No. 15-cv-20212-JLK [DE 22], wherein the Court succinctly stated that as "the properties are different, the alleged violations (and therefore the potential remedies) are different, the co-defendants are different, and the postures of the cases are different…The Court accordingly concludes that consolidation and transfer are not appropriate. *See* Fed. R. Civ. P. 42(a)"

Most importantly, standing in one action does NOT confer or negate standing in another action. Standing is specific to each plaintiff and each subject facility and cannot be addressed as a group.

On the other hand, the effect of consolidation would burden the defendants with the cost of participating in a discovery when they did not even intend on wasting time and resources on such an issue knowing that they must make their facility compliant with the ADA. Each of these cases must proceed individually based on the individual actors, facts, questions of law, and each defendant's legal choice on how to proceed in the lawsuit against them so as not to prejudice any of the defendants.

It is significant to note that defendants who may attempt to attempt a prompt resolution may be significantly hampered by consolidation, thus delaying removal of accessibility barriers to the detriment of people with disabilities. To request all the defendants to work as one group in litigation will generate unnecessary fees and costs for all parties in that they will be forced to address the plaintiffs, facilities, and violations collectively, and this will be time consuming.

To determine whether to consolidate, court weighs interest of judicial convenience against potential for delay, confusion and prejudice caused by consolidation. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805 (N.D.Cal.1989). Defendant's sole grounds for consolidation of the instant matters is that based on one email, Defendant believes that Mr.

Atchinson was involved in locating the non-compliant facilities in every single action ever filed by Plaintiff James W Close and/or Kenneth Bryson. That's it. That is the only commonality among all of the actions. Granting consolidation upon such grounds is nonsensical.

Defendant has failed to establish that consolidation would result in judicial convenience nor that it is beneficial or preferential in any manner. Defendant's Motion to Consolidate must be denied and Plaintiff should be allowed to proceed in litigating his claims for the discriminatory barriers existing at the facilities.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Consolidate and any other relief the Court deems just and proper.

Respectfully submitted,

By: S/Ronald E. Stern
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Blvd.
Suite 503
Hallandale Beach, Florida 33009
Telephone:   (954) 639-7016
Facsimile:    (954) 639-7198
Attorney for Plaintiff, Kenneth Bryson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

CASE NO. 7:16-CV-029-DAE

KENNETH BRYSON,

    Plaintiff,

vs.

JOS A. BANKS CLOTHIERS,
a Delaware for Profit Corporation, and
PLAZA OAKS BPRE INVESTORS, LLC,
an Arizona Limited Liability Company,

    Defendants.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 6th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    By: <u>S/Ronald E. Stern</u>
        Ronald E. Stern, Esq.
        Florida Bar No. 10089
        THE ADVOCACY LAW FIRM, P.A.
        1250 East Hallandale Beach Blvd.
        Suite 503
        Hallandale Beach, Florida 33009
        Telephone:   (954) 639-7016
        Facsimile:    (954) 639-7198
        Attorney for Plaintiff, KENNETH BRYSON

**<u>SERVICE LIST</u>:**
KENNETH BRYSON v. JOS A. BANKS CLOTHIERS, and PLAZA OAKS BPRE INVESTORS, LLC

**CASE NO:** 7:16-CV-029-DAE

United States District Court, Western District Of Texas, Midland Division


PLAZA OAKS BPRE INVESTORS, LLC

Richard M. Hunt
Texas State Bar No. 10288700
HUNT HUEY PLLC
1717 McKinney Ave., Suite 700
Dallas, Texas  75202
Telephone:  (214) 641-9182
Facsimile:  (214) 279-6124
Email:  rhunt@hunthuey.com

**VIA CM/ECF**